# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| THOMASINE WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-2742 (ABJ) |
| | ) | |
| LEVY FOOD SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On December 3, 2018, defendant Levy Foodservice Limited Partnership ("Levy Foodservice") filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 6.) On December 4, 2018, the Court issued an order (ECF No. 7) advising the *pro se* plaintiff of her obligation under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court to file an opposition to Levy Foodservice's motion, and of the consequences of her failure to oppose the motion. The order set a deadline of January 3, 2019 for plaintiff's response, and the Clerk of Court sent the order to plaintiff at her address of record. To date, plaintiff has neither responded nor moved for an extension of time. Because plaintiff has not filed a timely response, the Court rules on Levy Foodservice's motion without the benefit of plaintiff's position.

---

[1] For purposes of this Memorandum Opinion, the Court presumes without deciding that service of process properly has been effected on Levy Foodservice, and denies its motion to dismiss under Federal Rule of Civil Procedure 12(b)(5). In addition, the Court denies Levy Foodservice's motion for a more definite statement under Federal Rule of Civil Procedure 12(e) as moot.

1

A plaintiff need only provide a "short and plain statement of [her] claim showing that [she] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plaintiff is proceeding *pro se*, and the Court holds her complaint to a less stringent standard than would be applied to a complaint prepared by a lawyer. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Even judged by this relaxed standard, plaintiff's complaint falls short.

In its entirety, the complaint states:

> I was wrongful [sic] Termination [sic] from my job[.] I had medical excuse I have my paper work from my doctor telling I needed breaks not to stand on my foot for 6 hr. a day the medical prombles [sic] to be set down in a chair in the stand but I told I had go down in the break room.

(Compl. (ECF No. 1-2) at 3 (page number designated by ECF)). The Court construes the complaint as one raising a claim under the Americans with Disabilities Act ("ADA"), which generally "prohibits discrimination against qualified individuals on the basis of disability." *U.S. Equal Employment Opportunity Comm'n v. Wal-Mart Stores, East, LP*, No. 18-cv-1314, 2018 WL 5297814, at *2 (D.D.C. Oct. 25, 2018) (citing 42 U.S.C. § 12112(a)).

An employer can discriminate by "not making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability who is an . . . employee [.]" 42 U.S.C. § 12112(b)(5)(A). A plaintiff adequately states a claim for failure to accommodate by "alleg[ing] facts sufficient to show that: (1) [she] had a disability within the

meaning of the ADA; (2) [her] employer had notice of [her] disability; (3) [she] could perform the essential functions of the position with or without reasonable accommodation; and (4) [her] employer refused to make such accommodation." *U.S. Equal Employment Opportunity Comm'n v. Wal-Mart Stores, East, LP*, 2018 WL 5297814, at *2 (citing *Gordon v. District of Columbia*, 480 F. Supp. 2d 112, 115 (D.D.C. 2007)); *see Perez v. District of Columbia Dep't of Employment Servs.*, 305 F. Supp. 3d 51, 57 (D.D.C. 2018).

The Court must construe the complaint in favor of the plaintiff and grant her the benefit of all inferences that can be derived from the facts. *See Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012). But this complaint alleges so few facts, with such a lack of clarity, that the Court must conclude that it does not state an ADA claim. Plaintiff does not identify the nature of any alleged disability, and she fails to point to any accommodation that was sought or denied. Nor does she indicate what it was that made her termination "wrongful" or even, when it occurred. Therefore, the unopposed motion to dismiss will be granted.

An Order is issued separately.

                                                        /s/
                                           AMY BERMAN JACKSON
                                           United States District Judge

DATE: January 18, 2019