UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
THOMASINE WASHINGTON,           )
                                )
            Plaintiff,          )
                                )
    v.                          )     Civil Action No. 18-2742 (ABJ)
                                )
LEVY FOOD SERVICE,              )
                                )
            Defendant.          )
_____)

## MEMORANDUM OPINION

Thomasine Washington ("plaintiff") filed her complaint in the Superior Court of the District of Columbia on October 17, 2018. Levy Premium Foodservice Limited Partnership ("Levy Foodservice") removed the case on November 26, 2018, and filed a motion to dismiss (ECF No. 6) with a supporting memorandum (ECF No. 6-1, "Def.'s Mem.") on December 3, 2018. The Court issued an Order (ECF No. 7) directing plaintiff to file her opposition or other response to the motion by January 3, 2019. Plaintiff did not comply with the Order, and on January 18, 2019, the Court issued a Memorandum Opinion and Order (ECF Nos. 9-10) dismissing the complaint and this civil action without prejudice. *See Washington v. Levy Food Serv.*, No. 18-cv-2742, 2019 WL 266328, at *1 (D.D.C. Jan. 18, 2019).

On January 23, 2019, the Clerk of Court received documents from plaintiff and opened a new case, Civ. No. 19-0144. The Court construed this submission and its exhibits instead as a motion to reconsider the dismissal of Civ. No. 18-2742 (ECF No. 12), granted plaintiff's motion, reopened Civ. No. 18-2742, vacated its prior Memorandum Opinion and Order, set March 25, 2019 as the deadline for plaintiff's opposition or other response to Levy Foodservice's motion to

1

dismiss, and terminated Civ. No. 19-0144. The Clerk of Court received plaintiff's opposition to Levy Foodservice's motion on March 22, 2019, and the Court granted leave to file it (ECF No. 17, "Pl.'s Opp'n") on April 4, 2019.

It is apparent from the materials provided by plaintiff that she has in fact received medical attention for certain conditions that are of great concern to her, and that she is dissatisfied with the manner in which she was treated by her former employer. Those things can be very frustrating and disappointing. But the complaint, even when read in connection with all of the other pleadings in the case, and even when plaintiff is given the benefit of all inferences that can be drawn from her pleadings, is simply too vague, and it contains too few facts, to state a claim upon which relief can be granted.

II. BACKGROUND

Following a statement of the court's jurisdiction, the narrative portion of plaintiff's complaint (ECF No. 1-2 ("Compl.")) states:

> I was wrongful [sic] Termination [sic] from my job[.] I had medical excuse I have my paper work from my doctor telling I needed breaks not to stand on my foot for 6 hr. a day the medical prombles [sic] to be set down in a chair in the stand but I told I had go down in the break room.

*Id*. at 3 (page number designated by ECF). The complaint concludes with a demand for judgment in the sum of $12,000. *Id*. Attachments to the complaint show that plaintiff filed a formal charge of discrimination with the Equal Employment Opportunity Commission on August 30, 2018, the particulars of which were:

> I am currently employed with [Levy Foodservice] and have been since 2008. My job classification is Line Prep.
>
> I have been subjected to a hostile work environment . . . since 2016. They criticized my attire daily. I reported to Human Resources Department. They did not take any action. I am an individual with

2

> a disability. Respondent is aware of my disability. On or about June 2016, I give the doctor notes to a Human Resources representative. She refused to look at my documents. I tried to explain to her that I needed reasonable accommodations.
>
> I believe I have been denied an accommodation and discriminated against in violation of the Americans with Disabilities Act of 1990, as amended.

*Id.*, Ex. 2 (Charge of Discrimination) (exhibit numbers designated by the Court) at 1. Also attached to the complaint is a copy of the EEOC's September 5, 2018 notice that, "[b]ased upon its investigation, EEOC [was] unable to conclude that the information obtained establishes violations of the statutes." *Id.*, Ex. 1 (Dismissal and Notice of Rights) at 1.[1]

The Court construes the complaint as one raising a claim under the Americans with Disabilities Act ("ADA"), alleging that Levy Foodservice discriminated against plaintiff by "not making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability who is an . . . employee[.]" 42 U.S.C. § 12112(b)(5)(A).

III. ANALYSIS

Levy Foodservice moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff's complaint fails to state a claim upon which relief can be granted. *See generally* Def.'s Mem. at 6-7. Although a plaintiff need not set forth "detailed factual allegations" to withstand a Rule 12(b)(6) motion, in order to establish the "grounds" of her "entitle[ment] to relief," she must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court "must accept as true all of the factual

---

[1] Another attachment to the complaint reveals that Levy Foodservice terminated Plaintiff's employment following an incident on September 21, 2018, during which Plaintiff reportedly "was rude, discourteous, and displayed threatening behavior towards a fellow coworker." Compl., Ex. 4 (Levy Disciplinary Report Form) (exhibit number designated by the Court).

allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The complaint "is construed liberally in plaintiff['s] favor, and [the Court should] grant plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). But the Court need not accept inferences that are not supported by the facts plaintiff alleges and the legal conclusions plaintiff draws. *See id.*; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Having considered plaintiff's complaint and all her subsequent submissions, *see Brown v. Whole Foods Market Group, Inc.*, 789 F.3d 146, 150 (D.C. Cir. 2015) (per curiam) (noting that "a district court errs in failing to consider a *pro se* litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss"), the Court concludes that plaintiff's complaint must be dismissed.

The ADA defines the term "disability" as:

(A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
(B) a record of such an impairment; or
(C) being regarded as having such an impairment[.]

42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2). A plaintiff adequately states a claim for failure to accommodate by "alleg[ing] facts sufficient to show that: (1) [she] had a disability within the meaning of the ADA; (2) [her] employer had notice of [her] disability; (3) [she] could perform the essential functions of the position with or without reasonable accommodation; and (4) [her] employer refused to make such accommodation." *U.S. Equal Employment Opportunity Comm'n v. Wal-Mart Stores, East, LP*, No. 18-cv-1314, 2018 WL 5297814, at *2 (D.D.C. Oct. 25, 2018) (citing *Gordon v. District of*

*Columbia*, 480 F. Supp. 2d 112, 115 (D.D.C. 2007)); *see Perez v. District of Columbia Dep't of Employment Servs.*, 305 F. Supp. 3d 51, 57 (D.D.C. 2018).

Plaintiff's original complaint comes nowhere close to alleging facts pertaining to these factors, and the narrative portion of her EEOC charge of discrimination merely sets forth "[t]hreadbare recitals of the elements of a cause of action, [and] mere conclusory statements, [which] do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). There are no alleged facts supporting inferences that plaintiff has a disability, that Levy Foodservice was aware of the disability, that plaintiff could perform the functions of her former position with or without a reasonable accommodation, that plaintiff described or identified a particular accommodation, and that Levy Foodservice refused to make a reasonable accommodation. Mere mention of having a "medical excuse" and "medical problems," Compl. at 1, does not support sufficiently a claim that plaintiff is "disabled" for purposes of the ADA.

Plaintiff's opposition to Levy Foodservice's motion is no more instructive. It begins with a single sentence:

> I have attarck [sic] my medical papers and the Harassment I will prove that I was [sic] been Harassment [sic] by my code [sic] workers and the zone mange [sic].

Pl.'s Opp'n at 1. Attached are excerpts from publications pertaining to disability discrimination in the workplace and workplace harassment, *see generally id*. at 2-11, and dozens of pages of medical records, *see generally id*., Ex. (sealed). The medical records indicate that plaintiff sought treatment for an injury to her right foot sustained at her workplace and for bilateral foot pain in the months following her termination; that x-rays and an MRI of her right foot were taken; and that plaintiff underwent blood tests for a condition unrelated to the foot injury. Documentation of doctor visits and medical tests is not a substitute for "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S

5

at 678 (citing *Twombly*, 550 U.S. at 556).  Plaintiff still has not identified her disability, and even if she had a physical impairment, an impairment alone "does not make one disabled for purposes of the ADA."  *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 195 (2002), *overturned due to legislative action in U.S. Pub. L. 110-325* (2009).  Furthermore, plaintiff alleges no facts suggesting that the purported impairment limits a major life activity such as working.  *See id.*; *Thompson v. District of Columbia*, 272 F. Supp. 3d 17, 22 (D.D.C. 2017) (dismissing ADA claim where "[p]laintiff never identifies this disability, nor does she allege whether – or how – this disability to walk impacts her ability to perform certain jobs"); *Mitchell v. Yates*, 402 F. Supp. 2d 222, 229 (D.D.C. 2005) (dismissing ADA claim where "plaintiff has failed to allege facts suggesting that he is substantially limited in a major life activity and, hence, that he has not sufficiently alleged that he is disabled under the law").  The Court is left with conclusory assertions which, taken together, do not state a claim that Levy Foodservice failed to accommodate plaintiff's purported disability or otherwise discriminated against plaintiff on the basis of that disability.

III. CONCLUSION

For the reasons discussed above, defendant's motion to dismiss under Rule 12(b)(6) is granted.  Its motions to dismiss under Rule 12(b)(5) and for a more definite statement under Rule 12(e) are denied as moot.  An Order is issued separately.

/s/
AMY BERMAN JACKSON
United States District Judge

DATE: June 26, 2019

6